UNITED STATES DISTRICT COURT
CONNECTICUT DISTRICT COURT
HARTFORD DIVISION

CASE NO.: 3:24-cv-01998

DAVID GORDON OPPENHEIMER,

        Plaintiff,

v.

AI ENGINEERS, INC,

        Defendant.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff DAVID GORDON OPPENHEIMER by and through his undersigned counsel, brings this Complaint against Defendant AI ENGINEERS, INC for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff DAVID GORDON OPPENHEIMER ("Oppenheimer") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Oppenheimer's original copyrighted Work of authorship.

2. Oppenheimer is an independent travel, aerial, and concert photographer, who operates Performance Impressions LLC as the primary outlet to sell prints of his work in addition to commercial licensing. Oppenheimer has a large archive of aerial and concert photography with over 500 galleries of photos from concerts, music festivals, travel, landmarks, and aerial photographs of major cities, rural, and mountain landscapes across the United States. His work has been featured on National Geographic, Rolling Stone, NBC, Goldman Sachs, HBO Sports and on display at the Museum of the city of New York.

**SRIPLAW**
California ♦ Georgia ♦ Florida ♦ Indiana ♦ Tennessee ♦ New York ♦ Texas

3. Defendant AI ENGINEERS, INC ("AI Engineers") is an innovative engineering company providing clients with quality engineering services that address society's critical infrastructure needs. At all times relevant herein, AI Engineers owned and operated the internet website located at the URL https://aiengineers.com/ (the "Website").

4. Oppenheimer alleges that AI Engineers copied Oppenheimer's copyrighted Work from the internet in order to advertise, market and promote its business activities. AI Engineers committed the violations alleged in connection with Defendant's business for purposes of advertising and promoting sales to the public in the course and scope of the AI Engineers' business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. AI Engineers is subject to personal jurisdiction in Connecticut.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, AI Engineers engaged in infringement in this district, AI Engineers resides in this district, and AI Engineers is subject to personal jurisdiction in this district.

## DEFENDANT

9. AI Engineers, Inc is a Connecticut Corporation, with its principal place of business at 919 Middle Street, Middletown, Connecticut, 06457, and can be served by serving its Registered Agent, Murtha Cullina LLP, at 280 Trumbull Street, 12th Floor, Hartford, Connecticut 06103.

## THE COPYRIGHTED WORK AT ISSUE

10.     In 2012, Oppenheimer created the photograph entitled "May_2012_Travel__DSC0179.jpg," which is shown below and referred to herein as the "Work".



11.     Oppenheimer registered the Work with the Register of Copyrights on May 19, 2012, and was assigned registration number VAu 1-102-583. The Certificate of Registration is attached hereto as **Exhibit 1**.

12.     At all relevant times Oppenheimer was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY AI ENGINEERS

13.     AI Engineers has never been licensed to use the Work at issue in this action for any purpose.

14.     On a date after the Work at issue in this action was created, but prior to the filing of this action, AI Engineers copied the Work.

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ INDIANA ♦ TENNESSEE ♦ NEW YORK ♦ TEXAS

15. On or about November 29, 2022, Oppenheimer discovered the unauthorized use of his Work on the Website. AI Engineers used the Work in an article entitled, "Fedex Cargo Complex Expansion Project at Newark International Airport," as well as in the Transportation Services section of the Website.

16. AI Engineers copied Oppenheimer's copyrighted Work without Oppenheimer's permission.

17. After AI Engineers copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its regular business activities.

18. AI Engineers copied and distributed Oppenheimer's copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

19. AI Engineers committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

20. Oppenheimer never gave AI Engineers permission or authority to copy, distribute or display the Work at issue in this case.

21. Oppenheimer notified AI Engineers of the allegations set forth herein on March 29, 2024 and May 03, 2024. To date, the parties have failed to resolve this matter.

## COUNT I
## COPYRIGHT INFRINGEMENT

22. Oppenheimer incorporates the allegations of paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. Oppenheimer owns a valid copyright in the Work at issue in this case.

24. Oppenheimer registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

25. AI Engineers copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Oppenheimer's authorization in violation of 17 U.S.C. § 501.

26. AI Engineers performed the acts alleged in the course and scope of its business activities.

27. Defendant's acts were willful.

28. Oppenheimer has been damaged.

29. The harm caused to Oppenheimer has been irreparable.

WHEREFORE, the Plaintiff DAVID GORDON OPPENHEIMER prays for judgment against the Defendant AI ENGINEERS, INC that:

    a. AI Engineers and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

    b. AI Engineers be required to pay Oppenheimer his actual damages and Defendant's profits attributable to the infringement, or, at Oppenheimer's election, statutory damages, as provided in 17 U.S.C. § 504;

    c. Oppenheimer be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

    d. Oppenheimer be awarded pre- and post-judgment interest; and

    e. Oppenheimer be awarded such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Oppenheimer hereby demands a trial by jury of all issues so triable.

Dated: December 17, 2024

Respectfully submitted,

*/s/  Joseph A. Dunne*
JOSEPH A. DUNNE
CT Bar Number: ct30816
joseph.dunne@sriplaw.com

**SRIPLAW, P. A.**
41 Madison Avenue
25th Floor
New York, New York 10010
929.200.8446 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff David Gordon Oppenheimer*